## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **HEATHER CLARK,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:25-cv-00530-JAW** |
| | ) | |
| **CHRISTOPHER J. WEBER,** | ) | |
| | ) | |
| **Defendant** | ) | |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Heather Clark's application to proceed *in forma pauperis*, *see* ECF No. 10, her complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In her complaint, Clark brings claims of abuse of process, criminal harassment, and "fraud upon the court," against Attorney Christopher J. Weber and asks that this Court refer Weber to the Maine Board of Overseers of the Bar and the State Bar of Texas for disciplinary proceedings. Complaint at 7-10. Weber, apparently, represents the father of Clark's sister's child in a custody dispute in Texas. *See* ECF No. 1-8. Clark alleges that, after she unsuccessfully attempted to intervene in the custody matter, Weber improperly attempted to depose her, filed "frivolous motions to compel and motions to quash," misled courts about her role in the case, and attempted to enjoin her "from filing lawsuits in Maine." Complaint at 2-7. She also attaches several documents to her complaint, *see* ECF Nos. 1-1 to 1-9, including an ex parte temporary protection order that she obtained against Weber in Maine

1

state court, *see* ECF No. 1-1, although it appears that she ultimately dismissed her complaint for a protective order before a hearing on the merits occurred, *see* Complaint at 7.

Clark's complaint is subject to dismissal for several reasons.

First, Clark's allegations are not sufficient to state an abuse of process claim. Under Maine law, the elements of an abuse of process claim are "the use of process in a manner improper in the regular conduct of the proceeding and the existence of an ulterior motive." *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283. Even with a liberal reading, Clark's allegations do not cogently show that Weber has improperly used process in seeking to depose her after she attempted to insert herself into her sister's custody dispute, filing related motions in that matter, or answering and defending himself against Clark's various legal challenges. *See Leighton v. Lowenberg*, 2023 ME 14, ¶ 18, 290 A.3d 68 (noting that even sanctionable conduct in a civil case is not necessarily actionable under the tort of abuse of process and warning that, "because of the potential chilling effect on the right to access courts, the tort of abuse of process must be narrowly construed" (cleaned up)).

Second, Clark's attempt to invoke criminal harassment law falls flat because she lacks standing to initiate a criminal prosecution. *See Heinemann v. Soc. Sec. Admin.*, No. 1:16-cv-00460-DBH, 2016 WL 5957269, at *4 (D. Me. Oct. 14, 2016) (rec. dec.) ("Simply stated, Plaintiff does not have standing to prosecute criminal

charges against others, and the courts do not decide whether a person should be charged under . . . criminal statutes."), *aff'd*, 2016 WL 6495444 (D. Me. Nov. 1, 2016).

Third, Lane's claim for "fraud upon the court" fails because it is not an independent cause of action but rather a mechanism by which to seek relief from a judgment. *See, e.g.*, *Poulson v. Harford*, No. SACV 15-00578 JVS (JCGx), 2015 WL 13918856, at *3 (C.D. Cal. June 29, 2015) ("[F]raud upon the court is not a cause of action for tort law; it is [a] remedy that grants relief from a judgment . . . ."). Given that any judgments at issue here were issued by other courts, this Court lacks authority to grant Lane relief from those judgments.

Finally, I can see no basis for this Court to refer Weber to either the Maine Board of Overseers of the Bar or the State Bar of Texas for disciplinary proceedings, particularly where the conduct that Clark complains of did not occur in this Court and it appears that Clark and her sister have already filed several unsuccessful bar complaints against Weber in Texas. *See* ECF No. 1-8 at 5.

For the foregoing reasons, I recommend that the Court **DISMISS** Clark's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).


## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: October 23, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge

4